IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Douglas Thompson, ) | C/A No. 0:14-4269-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, *Turbeville Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Douglas Thompson, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Thompson was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 16.) Thompson filed a response in opposition. (ECF No. 22.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Thompson's Petition denied.

## BACKGROUND

Thompson was indicted in October 2009 in Richland County for second degree criminal sexual conduct with a minor. (App. at 75-76, ECF No. 14-5 at 77-78.) Thompson later waived presentment of the charge of contributing to the delinquency of a minor. Thompson was represented by Jay Cooper, Esquire, and on April 29, 2010 pled guilty as charged.[1] The circuit court sentenced

---

[1] Pursuant to the plea deal, the State dismissed a charge of dissemination of obscene material to a minor. (App. at 2, ECF No. 14-5 at 4.)

Page 1 of 17



Thompson to eight years' imprisonment for criminal sexual conduct with a minor and three years' imprisonment for contributing to the delinquency of a minor, both sentences to be served concurrently.  (App. at 19, ECF No. 14-5 at 21.)  Thompson did not appeal his guilty plea or sentence.

Thompson filed a *pro se* application for post-conviction relief ("PCR") on August 5, 2010 in which he raised the following claims:

(1)    Constitutional Violation
Supporting Facts:  ". . . The applicant submits that the S.C. Code of Law and the South Carolina Constitution are in conflict.  On one hand, the Cons[t]itution says that a fourteen year old can consent to sexual intercourse.  Then, on the other hand, the S.C. Code of Law says a fourteen, but less than sixteen year old cannot consent to sexual intercourse.  The applicant submits that the South Carolina Constitution overrides the South Carolina Code of Law because one derived from the other."  (App. at 27, ECF No. 14-5 at 29.)

(2)    Ineffective Assistance of Counsel
Supporting Facts: "The applicant submits that his attorney was ineffective for advising him to plead guilty to an offense that is at conflict with the South Carolina Constitution.  The applicant's attorney was also ineffective for not motioning to quash the applicant's indictments pursuant to Gentry v. State, 610 S.E.2d 494 (S.C. 2005) because the applicant's indictment initially stated § 16-3-655(C), and was amended to reflect § 16-3-655(B)(2) without ever being returned back to the grand jury for re-submission."  (App. at 27-28, ECF No. 14-5 at 29-30.)

(3)    Subject Matter Jurisdiction
Supporting Facts:  "The applicant submits that the court was without subject matter jurisdiction to convict and sentence the applicant for the offenses that he was sentenced for because his indictment was fatally defective."  (App. at 28, ECF No. 14-5 at 30.)

(4)    Involuntary Guilty Plea
Supporting Facts: "The applicant asserts that pursuant to the mandates that are set forth in Boykin v. Alabama, 89 S.Ct. 1709 (1969), that his guilty plea was involuntary because no one in their right mind would plead guilty to an offense in which he could not be guilty of.  The sex act involved was consensual and the entire record will reflect the same."  (App. at 28, ECF No. 14-5 at 30.)

(See Thompson v. State of South Carolina, 10-CP-40-5273; App. at 22-28, ECF No. 14-5 at 24-30.)

The State filed a return.  (App. at 29-34, ECF No. 14-5 at 31-36.)  On January 10, 2012, the PCR

court held an evidentiary hearing at which Thompson appeared and testified and was represented by David Belding, Esquire. By order filed March 29, 2012, the PCR court denied and dismissed with prejudice Thompson's PCR application. (App. at 60-72, ECF No. 14-5 at 62-74.)

On appeal, Thompson was represented by David Alexander, Esquire, Appellate Defender, who filed a Johnson[2] petition for a writ of certiorari that presented the following question:

> Whether petitioner's Sixth Amendment right to effective assistance of counsel was violated by his attorney's failure to challenge the constitutionality of section 16-3-655 of the South Carolina Code, thereby rendering his guilty plea unknowing and involuntary?

(ECF No. 14-1.) Thompson filed two *pro se* responses to the Johnson petition. (ECF No. 14-2.) On October 8, 2014, the South Carolina Court of Appeals issued an order denying Thompson's petition for a writ of certiorari. (ECF No. 14-3.) The remittitur was issued October 27, 2014. (ECF No. 14-4.) This action followed.

### FEDERAL HABEAS ISSUES

Thompson's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Constitutional Violation
**Supporting Facts:** Applicant submits that his rights under the Constitution have been violated of the South Carolina State Constitution. The Applicant submits that the South Carolina Code of Law and the South Carolina Constitution are in conflict. The Applicant submits that the South Carolina Constitution overrides the South Carolina because one is derived from the other.

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



**Ground Two:** Ineffective Assistance of Counsel
**Supporting Facts:** The applicant submits that his attorney was ineffective for advising him to plead guilty to an offense that is at conflict with the South Carolina Constitution. The Applicant's Attorney was also ineffective for not motioning to quash the applicant's indictments stated one statute but was amended to reflect another without being returned back to the grand jury for re-submission.

**Ground Three:** Subject Matter Jurisdiction
**Supporting Facts:** The applicant submits that the court was without subject matter jurisdiction to convict and sentence the applicant for the offenses that he was sentenced for because his indictment was fatally defective. The Applicant is stating that the court did not have jurisdiction because his indictment was fatally defective and he was sentenced in violation of the South Carolina Constitution and Code of laws, because the South Carolina Constitution states that a fourteen year old can consent to sexual intercourse but their Code of law state the opposite.

**Ground Four:** Involuntary Guilty Plea
**Supporting Facts:** The Applicant asserts that pursuant to statute . . . . his guilty plea was involuntary because no one in their right mind would plead guilty to an offense in which he could not be guilty of. The sex act involved was consensual and the entire record will reflect the same. The applicants counsel led him to plea guilty according to state code of law statute.

(Pet., ECF No. 1) (errors and alteration in original).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).



In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.    **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of



federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100-01 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no

reasonable basis for the state court to deny relief.  Id.  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 102.  "If this standard is difficult to meet, that is because it was meant to be." Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").  To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim."  Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).  Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be



procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

   **1.    Claims that are not cognizable (Grounds One and Three)**

In Ground One, Thompson alleges that his rights under the South Carolina Constitution have been violated because the South Carolina Code of Law and the South Carolina Constitution are in conflict. (Pet. at 6, ECF No. 1 at 6.) As more fully articulated in his PCR application, Thompson argues that, at the time of the offense, "Art. III § 33" of the South Carolina Constitution stated that individuals under the age of fourteen could not legally consent to sexual intercourse. (App. at 27, ECF No. 14-5 at 29.) Thompson further argues that the South Carolina statute under which he was sentenced, S.C. Code Ann. § 16-3-655(B)(2), raised the age of consent to sixteen years of age in violation of the South Carolina Constitution. (Id.) In Ground Three, Thompson claims that the state court lacked subject matter jurisdiction to convict and sentence him because Thompson's indictment was fatally defective. (Pet. at 9, ECF No. 1 at 9.) The respondent concedes that both Grounds One and Three were raised and ruled upon in Thompson's PCR action. (Respt.'s Mem. Supp. Summ. J. at 14-15, 25-26, ECF No. 14 at 14-15, 25-26.) However, the respondent argues that these grounds are questions of state law that are not cognizable in this federal habeas action. (Id.) Thompson's response does not challenge the respondent's argument that these grounds fail to state cognizable federal habeas claims.



"[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," Wilson v. Corcoran, 562 U.S. 1, 4 (2010) (emphasis in original), and "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). The court agrees that Thompson has not demonstrated that his Ground One allegation, regarding a conflict between the South Carolina Constitution and a South Carolina statute, and his Ground Three allegation, regarding the state court's alleged lack of subject matter jurisdiction due to a defective indictment, constitute an unreasonable application of clearly established federal law. See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (concluding that petitioner's allegation that state court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws and was not cognizable on federal habeas review); Jackson v. Warden, Tyger River Corr. Inst., C/A No. 4:08-2340-CMC-TER, 2009 WL 2588495, at *7 (D.S.C. Aug. 19, 2009) (order adopting and incorporating report and recommendation finding that a habeas claim challenging the validity of indictments should be dismissed as a non-cognizable state law issue); see also Warrick v. Shanahan, C/A No. 3:13-219-RJC, 2014 WL 7336851, at *2 (W.D.N.C. Dec. 22, 2014) (holding that "state constitutional law claims are not cognizable on federal habeas review"). Accordingly, the court finds that the respondent's motion for summary judgment should be granted as to Grounds One and Three of Thompson's Petition.

  **2.  Procedural Default (Second Part of Ground Two)**

In Ground Two, Thompson alleges that his attorney was ineffective for advising him to plead guilty to an offense that is in conflict with the South Carolina Constitution. (Pet. at 8, ECF No. 1 at 8.) Thompson further alleges that plea counsel was ineffective for not moving to quash

Thompson's criminal sexual conduct indictment when it was amended prior to the plea. (Id.) The respondent concedes that the first part of Ground Two, alleging ineffective assistance of counsel for advising Thompson to enter a guilty plea, is properly before the court. However, the respondent argues that the second portion of Ground Two, alleging ineffective assistance based on plea counsel's failure to quash Thompson's criminal sexual conduct indictment subsequent to amendment, was presented in the PCR application but not ruled upon by the PCR court. (See Respt.'s Mem. Supp. Summ. J. at 21-23, ECF No. 14 at 21-23.) Upon review of the record, the court agrees that the PCR court did not rule on the issue of plea counsel's alleged ineffective assistance based on a failure to quash Thompson's amended criminal sexual conduct indictment. (App. at 60-72, ECF No. 14-5 at 62-74.) Therefore, the court concludes that the second portion of Ground Two is procedurally defaulted.[3]

While the court finds that the above-listed portion of Ground Two is procedurally defaulted from federal habeas review, such claims may nonetheless be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable

---

[3] There is no indication in the record that Thompson filed a Rule 59(e) motion asking the PCR court to make specific findings of fact and conclusions of law for this allegation. Therefore, this ground has not been preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review.").



evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt"). Thompson's response in opposition to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. Accordingly, Thompson's claim of ineffective assistance based on plea counsel's failure to make a motion to quash Thompson's amended indictment is procedurally barred from federal habeas review, and the respondent's motion for summary judgment should be granted as to that portion of Ground Two.

### 3.     Remaining Claims (First Part of Ground Two and Ground Four)

Having concluded that the above-discussed grounds are procedurally defaulted or are not cognizable habeas claims, the court returns to the portion of Ground Two which alleges that plea counsel was ineffective for advising Thompson to enter a guilty plea, and Ground Four in which Thompson alleges that his plea counsel's ineffectiveness resulted in an involuntary guilty plea. (Pet. at 8, 11, ECF No. 1 at 8, 11.)

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").



To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.



The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Thompson's petition. Therefore, the court will first consider whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

As summarized by the PCR court, Thompson testified at the PCR hearing that he believed the age of consent for sexual intercourse to be fourteen years at the time of the offense. (App. at 64, ECF No. 14-5 at 66; see also App. at 40, 43, ECF No. 14-5 at 42, 45.) Thompson testified that he was twenty-nine years of age when he had consensual sex with the fifteen-year-old victim, identified as his girlfriend. (App. at 39, ECF No. 14-5 at 41.) Thompson testified that he had plenty of time to discuss the charges with plea counsel. (App. at 41, ECF No. 14-5 at 43.) Thompson further testified that he understood, at the time of the plea, that he was facing a possible twenty-year sentence and decided to enter a guilty plea to potentially lower the amount of time he would be required to serve. (App. at 42, 47, ECF No. 14-5 at 44, 49.) However, Thompson testified that he did not become aware of the existence of Article III, § 33 of the South Carolina Constitution until after his conviction. (App. at 64, ECF No. 14-5 at 66; see also App. at 44-45, ECF No. 14-5 at 46-47.) Thompson testified that he did not believe plea counsel performed research to determine



whether the criminal sexual conduct with a minor statute had been ruled unconstitutional, and that the two never discussed this issue. (App. at 46, ECF No. 14-5 at 48.) Thompson also testified that plea counsel did not "research the constitution to see whether the age was consensual or not." (App. at 47, ECF No. 14-5 at 49.)

Plea counsel, James "Jay" D. Cooper, testified that he and Thompson discussed the criminal sexual conduct with a minor statute. (App. at 64, ECF No. 14-5 at 66; see also App. at 49, ECF No. 14-5 at 51.) However, Cooper testified that he did not recall specifically discussing the constitutionality of the statute with Thompson. (Id.) Cooper further testified that he believed the statute to be constitutional based on his experience with other cases. (App. at 64, ECF No. 14-5 at 66; see also App. at 49-50, ECF No. 14-5 at 51-52.) Cooper stated that Thompson voluntarily entered a guilty plea and that Cooper believed Thompson to understand the ramifications of his plea.[4] (App. at 50-51, ECF No. 14-5 at 52-53.)

In denying and dismissing Thompson's application, the PCR court found that his testimony was not credible and plea counsel's testimony was credible. (App. at 66, ECF No. 14-5 at 68.) Thompson's response in opposition to the respondent's motion does not dispute the PCR court's credibility determination or provide any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and

---

[4] The court notes that Thompson's plea transcript reflects that he knowingly and voluntarily entered a guilty plea to the offenses of contributing to the delinquency of a minor and criminal sexual conduct with a minor in the second degree. (App. at 2-9, ECF No. 14-5 at 4-11.) During the plea, Thompson indicated that he was satisfied with Cooper's representation. (Id.)

Page 14 of 17



clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

Thereafter, the PCR court noted that Thompson "in no way disputes that he knowingly had sexual relations with a minor," and discussed South Carolina precedent, to include State v. Smith, 188 S.E. 132 (S.C. 1936) (finding the predecessor of S.C. Code Ann. § 16-3-655 to be constitutional), which determined "the exact issue raised by" Thompson. (App. at 67-70, ECF No. 14-5 at 69-72.) The PCR court reasonably found that Thompson failed to present "a valid reason for this Court to reverse this long-standing case law." (App. at 69, ECF No. 14-5 at 71.) Thus, the PCR court reasonably concluded that Thompson had "not established any constitutional violations or deprivations that would require this court to grant his application. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation." (App. at 71, ECF No. 14-5 at 73.) Accordingly, the PCR court reasonably held that Thompson "failed to prove the first prong of the Strickland test—that trial counsel failed to render reasonably effective assistance under prevailing professional norms." (App. at 66, ECF No. 14-5 at 68.) The PCR court further reasonably held that Thompson "failed to prove the second prong of Strickland—that he was prejudiced by counsel's performance" where Thompson did not carry his burden of showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." (Id.) (internal quotation marks and citation omitted).

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Thompson cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Thus, Thompson cannot show "there was

no reasonable basis" for the state appellate court to deny relief.  Harrington, 532 U.S. at 98.  As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 562 U.S. at 101.

In response to the respondent's motion for summary judgment, Thompson generally reasserts his claims, but provides no additional factual allegations or arguments to refute the respondent's motion for summary judgment.  (Petr.'s Resp. Opp'n at 1-3, ECF No. 22 at 1-3.)  Upon careful review of the record, with specific reference to the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Thompson has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient.  Therefore, Thompson has not shown that the PCR court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101.  Accordingly, the respondent's motion for summary judgment should be granted as to the portion of Ground Two alleging ineffective assistance based on plea counsel's recommendation to enter a guilty plea, and as to the entirety of Thompson's Ground Four claim alleging that such ineffective assistance resulted in an involuntary guilty plea.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 15) be granted and Thompson's Petition denied.

May 14, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).