IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Douglas Thompson, | ) | Civil Action No. 0:14-4269-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, *Turbeville Correctional Institution*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Douglas Thompson, ("Petitioner"), a self-represented state prisoner, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On May 14, 2015, the Magistrate Judge issued a Report, (ECF No. 24), recommending that Respondent's Motion for Summary Judgment, (ECF No. 15), be granted and that the petition be denied. Petitioner filed a timely Objection to the Report. (ECF No. 28). The matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection.  The Court finds that Petitioner's Objection consists almost exclusively of restatements of arguments already advanced in prior filings, coupled with inapposite legal citations, and does not advance specific, cogent objections to the Magistrate Judge's Report.  (ECF No. 28). Nowhere in Petitioner's filing does he meaningfully counter the core legal conclusions of the Magistrate Judge's analysis, including the Magistrate Judge's findings related to procedural default, the non-cognizability of certain of Petitioner's grounds for relief, and the determination that Petitioner has failed to show that any of his allegations of ineffective assistance of counsel satisfy the two prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 24), overruling Petitioner's Objection. (ECF No. 28).  Petitioner's Motion for Extension of Time to File Further Objections, (ECF No. 29), is **DENIED**.  Respondent's Motion for Summary Judgment, (ECF No. 15), is **GRANTED** and the petition is **DISMISSED**.

## Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253©.  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>United States District Judge

June 8, 2015
Columbia, South Carolina